| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>701 Market Street, Suite 5000<br>Philadelphia, PA 19106<br> (215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Secured Creditor<br>Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2015-1 | Order Filed on February 7, 2022<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Genaro Herrera,<br><br>Debtor. | Case No.:  21-19470 CMG<br>Adv. No.:<br>Hearing Date:  2/16/2022 @10:00 a.m.<br>Judge:  Christine M. Gravelle |

### ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: February 7, 2022**

*Honorable Christine M. Gravelle*
United States Bankruptcy Judge

Page 2
Debtor: Genaro Herrera
Case No.: 21-19470 CMG
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Wilmington Trust, National Association, not in its individual capacity, but solely as trustee of MFRA Trust 2015-1, holder of a mortgage on real property located at 119 -21 South Hampden Court, Pleasantville, NJ, 08232, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and Donald C. Goins, Esquire, attorney for Debtor, Genaro Herrera, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by May 31, 2022, or as may be extended by modified plan; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make regular post-petition payments in accordance with the terms of the note and mortgage and applicable payment change notices while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee shall not make disbursements on Secured Creditor's claim while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Secured Creditor does not waive its rights to the pre-petition arrears or any post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is unsuccessful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.